for he cannot recover for full performance when a part of the contract is still unperformed. The doctrine of substantial performance necessarily includes compensation for all defects, which are not so slight and insignificant as to be safely 'overlooked on the principle of de minimis non curat lex.' Van Clief v. Van Vechten [130 N. Y. 571, 29 N. E. 1017] supra. Unsubstantial defects may be cured, but at the expense of the contractor, not of the owner. The contractor cannot recover the entire contract price when defects or omissions appear, for he must show, not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price and a recovery had for the balance only. This is an essential part of substantial performance, and hence the proof should be furnished by the one who claims substantial performance."

As before stated, the number of cubic yards of excavated material which forms the subject of this controversy was 1,175 yards. The amount of excavation done under the contract, as to which there is no controversy, was 21,398 cubic yards. Assuming that all of the 1,175 yards of excavated material which was carried away by the railroad company should have been deposited as filling behind the completed wall, this amount bore such proportionate relation to the whole amount of the excavation that a claim of substantial performance may have been tenable, had the plaintiff sustained the burden of proof which such a claim imposed.

This case is not without apparent equities in favor of the plaintiff, but we are unable to interfere with the judgment of the trial court on the record now before us.

The judgment should be affirmed, with costs. All concur.

---

DOULER v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. March 28, 1911.)

1. APPEAL AND ERROR (§ 926*)—REVIEW—PRESUMPTIONS—ADMISSIBILITY OF EVIDENCE.

Where, in an action on an insurance policy, defendant claimed that decedent made false representations as to her health in the application for the policy, and offered in evidence record cards of a physician and nurse, and such cards were excluded on plaintiff's objections that there was no showing of identity between insured and the person named in the cards, and on the ground that the cards were incompetent, such cards, not being copied into the record on appeal, and there having been no objection directed to their materiality, the court will presume that the contents of the cards were material to the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3735–3743; Dec. Dig. § 926.*]

2. NAMES (§ 18*)—EVIDENCE—IDENTITY OF PERSON.

In an action on a life insurance policy, in which defendant claimed that insured made false representations as to her health in the application for the policy, record cards purporting to show that a person of the same name as insured visited a physician and a nurse and received professional advice and services were admissible as against the objection that the identity of insured with the person named in the cards was not established, since the identity of names presented a prima facie showing of identity of persons.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. § 18.*]

3. EVIDENCE (§ 355*)—DOCUMENTARY EVIDENCE—PHYSICIAN'S RECORD.

In an action on an insurance policy, in which defendant pleaded that insured made false representations as to her health, record cards of a physician and a nurse, containing entries showing that insured visited such physician and nurse in respect to a malady which would have prevented her taking out the policy, were admissible, though the physician and the nurse had no recollection of the happenings described in the cards, where they testified that they made the entries on the cards, and that such entries were honestly made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1444, 1484–1491; Dec. Dig. § 355.*]

4. INSURANCE (§ 655*)—ACTION ON POLICY—EVIDENCE—FRAUD.

In an action on an insurance policy, in which defendant alleged that the insured made false representations as to her health, where the evidence showed that the policy was taken out in July, 1909, and that insured died of pulmonary tuberculosis December, 1909, and the testimony tended to show that insured was suffering from such disease for some time prior to the issuance of the policy, and there was evidence that insured stated that she had visited a physician in August, 1908, and had been informed by such physician that she had consumption, record cards of such physician and a nurse showing that a person bearing insured's name had called on the physician and nurse and that her malady had been diagnosed as pulmonary tuberculosis were material, and improperly excluded.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1677–1685; Dec. Dig. § 655.*]

5. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR—EVIDENCE.

The erroneous exclusion of evidence of a corroborative nature cannot be regarded as harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by James Douler against the Prudential Insurance Company of America. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Alfred M. Bailey (Solon Weit, on the brief), for appellant.

Charles A. Ludlow, for respondent.

CARR, J. The defendant appeals from a judgment entered upon the verdict of a jury at a Trial Term in Kings county. The action was on an insurance policy on the life of one Margaret Douler for the sum of $1,000, in which the plaintiff was named as beneficiary. The defense was that defendant had been induced to deliver the policy by certain fraudulent representations made by the insured in a written application for the policy. This application was made on July 22, 1909. In form it consisted of certain questions to the applicant, and her answers thereto. Among the questions and answers were the following:

"5(a) Are you in good health? Yes.

"(b) Have you, so far as you know, ever had any serious illness or disease? No."

The defendant undertook to prove that at the time of the application and for a considerable period before the insured was suffering from pulmonary tuberculosis, and that she knew of such condition of her health. In an attempt to prove this defense, a Dr. McGoldrick was called as a witness by the defendant. In 1908 he was a physician in attendance at a public dispensary in the borough of Brooklyn, known as the "Polhemus Clinic." In that capacity he had made certain entries on a record card, which contained answers to questions put by him to a woman patient who had given the name of Margaret Douler. This was likewise the name of the insured. This woman patient was suffering from some ailment. The card contained an address of the woman patient as a resident of Sackett street, Brooklyn. The insured at one time, in 1908, resided on the street so indicated. This address, however, was not put on the card by the witness, and he had no knowledge of how it came there. He had made certain entries on the card when the patient called at the clinic at various times in October, 1908, and he swore that these entries were true when made, although he no longer had any personal recollection of the matters so entered. The defendant offered the card in evidence, and it was excluded upon objection; the defendant excepting to the ruling of the Trial Court. The court rejected the evidence on the ground that there was not sufficient proof of identity between the insured and the patient, and on the further ground that the record card was not competent evidence, even if identity be assumed. A similar question arose as to the introduction of another record card, kept by a witness who was a nurse in the employment of the board of health, relating to the case of a patient known as "Margaret Douler." This card was likewise excluded when offered in evidence.

The defendant claims that the rejection of these cards was reversible error. Copies of these cards do not appear among the exhibits in the record now before us. Nor is there any proof as to what the contents were. As they were excluded on the plaintiff's objection, which did not raise any question of materiality of the evidence, we must assume that the contents were material to the issue. Patten v. Union Life, etc., Ins. Co., 133 N. Y. 450, 31 N. E. 342. As to the identity of the patient at the clinic with the person insured in the policy, similarity of name made a prima facie case of identity, according to long-established rules of law. Hatcher v. Rocheleau, 18 N. Y. 86, 92; Layton v. Kraft, 111 App. Div. 842, 846, 98 N. Y. Supp. 72; Hoffman v. Metropolitan Life Ins. Co., 135 App. Div. 739, 119 N. Y. Supp. 978. While these record cards were not competent evidence of their contents simply as records, yet where it was shown that the entries thereon were made by the witness at the time of the happenings described as taking place in his presence, and were honestly made by him, such entries may be admissible where the witness has ceased to have any personal recollection of the facts in question. Halsey v. Sinsebaugh, 15 N. Y. 488; Russell v. Hudson River R. R. Co., 17 N. Y. 139; Guy v. Mead, 22 N. Y. 462; Howard v. McDonough, 77 N. Y. 592; Clark v. Nat. Shoe & Leather Bank, 164 N. Y. 498, 58 N. E. 659.

The evidence so excluded was of importance in determining the issues involved in this action; for it appears that the insured died of pulmonary tuberculosis in December, 1909, while the application for the policy was made in late July, 1909, and the policy issued at about the same time. There was other testimony offered and received to show that the insured had pulmonary tuberculosis for some time prior to the application for the policy, but there was a conflict of testimony on this point, and the jury evidently rejected this part of defendant's proofs. There was evidence likewise that the decedent had stated that she had been to the clinic in August, 1908, and had been informed by the doctors that she had consumption. The verdict of the jury indicates that this evidence was likewise disregarded. The exclusion of the record cards deprived this evidence of some corroboration, and was therefore not harmless.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and BURR, J., concur. WOODWARD and RICH, JJ., dissent.